UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| STEPHANIE ALLEN | ) Civil Action No. 3:19-CV-358-CHB |
| PLAINTIFF | ) |
| V. | ) |
| FOUR B MANAGEMENT, LLC | ) |
| DEFENDANT | ) |

\* \* \* \* \*

**PETITION FOR REMOVAL**

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Four B Management, LLC, removes this action from the Circuit Court for Jefferson County, Kentucky to the United States District Court for the Western District of Kentucky.

**I.   THE STATE COURT ACTION**

1.   On August 27, 2018, Stephanie Allen filed a civil action in the Circuit Court for Jefferson County, Kentucky styled as *Stephanie Allen v. Four B Management, LLC*, Case No. 18-CI-4956. True and correct copies of the summons and Complaint are attached hereto as part the complete state court file as Exhibit A.

1

2. The allegations in the Complaint relate to injuries that Plaintiff allegedly suffered while she fell on the premises owned by the Defendant on August 28, 2017.

3. This case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441, because original jurisdiction lies in federal court and the procedural requirements for removal are satisfied.

4. Complete diversity exists between Plaintiff and the Defendant, and the amount in controversy exceeds $75,000. Moreover, although the case was filed more than thirty (30) days ago, this petition is timely because Defendant had no notice that the amount in controversy exceeded $75,000.00 until April 26, 2019 – the date that Defendant received Plaintiff's Answers to Requests for Admission.[1] Accordingly, this action may be removed to this Court. *See* 28 U.S.C. §§ 1332, 1441.

## II. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

5. This Court embraces the locality in which the state court action is now pending, and thus is a proper forum pursuant to 28 U.S.C. § 1441(a).

6. No previous application has been made for the relief requested herein.

7. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff and filed with the Circuit Court for Jefferson County, Kentucky.

8. A filing fee of $350.00 has been tendered to the Clerk of this Court.

9. This Notice of Removal is being signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

---

[1] See Plaintiff's Answers to Request for Admission, No. 1, attached hereto as part of Exhibit B.

10. If any question arises regarding the propriety of removal, Defendant respectfully requests the opportunity to present a brief and/or oral argument in support of its position that this case is removable.

### III. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441

11. Federal jurisdiction exists based upon diversity of citizenship pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states, and there is a good faith basis to believe that the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1441.

#### A. Complete Diversity of Citizenship Exists

12. Plaintiff Stephanie Allen pleads that she is a resident of Jefferson County, Kentucky, Complaint ¶ 1, and therefore appears to be a citizen of Kentucky. Four B Management, LLC, is and, when this action was served, was a foreign corporation. Its principal place of business and state of incorporation is Indiana. Accordingly, Four B Management, LLC, is a citizen of Indiana for diversity purposes. [2] *See* 28 U.S.C. § 1332(c)(1) (for diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business") *see also Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009)("The general rule is that all unincorporated entities—of which a limited liability company is one—have the citizenship of each partner or member").

---

[2] See Affidavit of Brittney Barnett, attached hereto as Exhibit C.

### B. The Amount in Controversy Exceeds $75,000

13. The amount in controversy in this action exceeds the sum or value of $75,000, exclusive of interests and costs, satisfying the amount in controversy requirement of 28 U.S.C. § 1332(a)(1).

14. In this case, there are clear allegations that the case involves a sum in excess of the $75,000 minimum. In her Responses to Defendant's Requests for Admission, Plaintiff alleges that, as a result of the accident forming the basis of the Complaint, the amount in controversy exceeds $75,000.00. *See* Exhibit B.

### C. The Petition for Removal Is Timely Filed

15. This petition for removal is timely because Defendants first received notice that the amount in controversy is satisfied on April 26, 2019.

16. Pursuant to 28 USCS § 1446, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

17. This was not removable at the time that it was filed because Plaintiff provided no notice as to the amount in controversy. In *Berera v. Mesa Med. Group, PLLC*, 779 F.3d 352 (6th Cir. 2015), the Sixth Circuit held that the 30-day period in 28 U.S.C. § 1446(b)(1) starts to run only if the Complaint contains "solid and unambiguous information that the case is removable." *Berera*, 779 F.3d at 364. If "the initial pleading lacks solid and unambiguous information that the case is removable, the defendant must file the notice of removal 'within 30 days after receipt . . . of a copy of an amended pleading, motion, order or other paper' that contains solid and unambiguous information that the case is removable." *Id.* at 364 (quoting 28 U.S.C. §

1446(b)(3)). According to the *Berera* court, "Section 1446(b)'s requirement of solid and unambiguous information is akin to actual notice."

18. On April 26, 2019, Defendant received Plaintiff's Responses to Defendant's Requests for Admission, which alleged, for the first time, the amount in controversy exceeds $75,000.00.

19. Pursuant to Federal Rule of Civil Procedure 6(1), Defendant is filing this petition within 30 days of receiving the Responses to Defendant's Requests for Admission.

**WHEREFORE**, Defendant Rush Trucking Corporation respectfully requests that this Court assume jurisdiction over this action as if the Plaintiff had originally commenced this action with this Court.

*/s/ Patrick C.M. Hoerter*
Charles H. Stopher (KBA No. 90981)
Patrick C.M. Hoerter (KBA No. 95572)
BOEHL, STOPHER & GRAVES LLP
400 West Market Street, Suite 2300
Louisville, KY 40202
cstopher@bsg-law.com
phoerter@bsg-law.com
Phone: (502) 589-5980
Fax: (502) 561-9400
**COUNSEL FOR DEFENDANT**

CERTIFICATE OF SERVICE

       The undersigned certifies that a true copy of the foregoing instrument was served upon one of the attorneys of record for each party to the above-entitled cause by enclosing this instrument in an envelope addressed to each such attorney at his/her last known address as shown below, with postage fully paid, and by depositing the envelope in a United States Post Office depository on the 14th day of May, 2019:

Fernando Valdizan
Alex R. White, PLLC
908 Minoma Avenue
Louisville, KY 40217
P: (502) 882-6089
F: (502) 585-3559
Fernando@arwhite.com
*Counsel for Plaintiff*

                                          */s/ Patrick C.M. Hoerter*
                                        **COUNSEL FOR DEFENDANT**